# IN THE COURT OF APPEALS OF IOWA

No. 17-1273
Filed December 20, 2017

**IN THE INTEREST OF E.G.,**
**Minor Child,**

**A.G., Father,**
      Appellant,

**R.G., Mother,**
      Appellant.
_____

Appeal from the Iowa District Court for Floyd County, Karen K. Salic, District Associate Judge.

A father and mother appeal separately from the order adjudicating their child as a child in need of assistance. **AFFIRMED ON BOTH APPEALS.**

Darius P. R. Robinson of Stumme, Collins, Gritters & Epley, P.L.L.C., Waverly, for appellant father.

Danielle M. DeBower of Eggert, Erb, Kuehner & DeBower, P.L.C., Charles City, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Cynthia S. Schuknecht of Noah, Smith & Schuknecht, P.L.C., Charles City, guardian ad litem.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A father and mother appeal separately from the order adjudicating their child as a child in need of assistance (CINA). We find E.G. was properly adjudicated CINA pursuant to Iowa Code section 232.2(6)(c)(2) (2017) and affirm the juvenile court.

E.G. was born in April 2017. E.G.'s five siblings are currently in court-ordered foster care. The juvenile court described the parents' involvement with the juvenile court system as "long and complex . . . simply put, the family's history is significant for long-term methamphetamine addiction, domestic violence, neglect of the children's needs, lack of compliance with services, general instability, and fleeing jurisdiction to avoid involvement by juvenile court and the states' respective child welfare agencies."

The juvenile court did note the parents' level of participation in services had increased dramatically and progress was being made on many of the areas of concern. The mother had been sober for approximately six months, but had used methamphetamine during her pregnancy, and the father had maintained employment for seven months. However, the parents did not report the birth of E.G. to the Iowa Department of Human Services (DHS) and instead explained to DHS they could not attend a visit with the other children on the day of E.G.'s birth because the mother was ill. The parents also admitted E.G. was not properly restrained while in the car on at least one occasion.

The mother and father both claim the evidence was insufficient to find E.G. was in need of assistance pursuant to Iowa Code section 232.2(6)(c)(2). They claim two isolated incidents are insufficient to establish E.G. is in need of

assistance. A DHS worker testified she had no imminent safety concerns and believed the parents were exercising a reasonable degree of care in supervising E. G. Both the mother and father claim the adjudication was based on the finding E.G.'s siblings were CINA.

The juvenile court held the two incidents "are not sufficient to adjudicate, but when coupled with the family's history in failing to supervise siblings and E.G.'s complete dependence on his caretakers for his protective needs, he is a child in need of assistance." When evaluating the child's need for assistance, "we gain insight into the child's prospects by reviewing evidence of the parent's past performance—for it may be indicative of the parent's future capabilities." *In re M.S.*, 519 N.W.2d 398, 400 (Iowa 1994), *holding modified by In re P.L.*, 778 N.W.2d 33 (Iowa 2010). The parents' history of substance abuse, domestic abuse, consistent failures to supervise the other children, and instability combined with instances of improper care of E.G., indicates E.G. is "imminently likely", as discussed recently by our supreme court in *In re L.H.*, ___ N.W.2d___, ___ 2017 WL 5990003, at *5 (Iowa 2017), to suffer harmful effects from improper supervision. We find E.G. was properly found to be in need of assistance.

**AFFIRMED ON BOTH APPEALS.**